IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

    Plaintiff,                      No. 2:09-cv-2985 JFM (PC)

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Defendants.                ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se. On December 11, 2009, plaintiff was directed to submit a properly completed application to proceed in forma pauperis. On December 14, 2009, plaintiff filed a motion in which he claimed prison officials had not responded to his requests for a certified copy of his prison trust account statement. Plaintiff previously provided a signed application to proceed in forma pauperis (November 30, 2009) and provided a copy of a note from a prison official, V. Scruggs, claiming to need the "entire filled out and signed form to process." (Id.) Plaintiff contends he has submitted all the paperwork needed, but has not received the certified documents in return.

        Plaintiff was previously granted leave to proceed in forma pauperis in Ellington v. Director of Corrections, Case No. 1:09-cv-0054 DLB.[1] Thus, the court takes judicial notice of

---

[1] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

1

the certified trust account statement filed in Case No. 1:09-cv-0054 DLB and will grant plaintiff leave to proceed in forma pauperis.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

"Section 1997e(a) of Title 42 of the United States Code provides:
No action shall be brought with respect to prison conditions under

>[42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

This exhaustion requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001)." McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. Dec. 5, 2002). Exhaustion must precede the filing of the complaint; compliance with the statute is not achieved by satisfying the exhaustion requirement during the course of an action. Id. at 1200.

>California's Department of Corrections provides a four-step grievance process for prisoners who seek review of an administrative decision or perceived mistreatment. Within fifteen working days of "the event or decision being appealed," the inmate must ordinarily file an "informal" appeal, through which "the appellant and staff involved in the action or decision attempt to resolve the grievance informally." Cal.Code Regs., tit. 15, §§ 3084.5(a), 3084.6(c). [Footnote omitted.] If the issue is not resolved during the informal appeal, the grievant next proceeds to the first formal appeal level, usually conducted by the prison's Appeals Coordinator. Id. §§ 3084.5(b), 3084.6(c). Next are the second level, providing review by the institution's head or a regional parole administrator, and the third level, in which review is conducted by a designee of the Director of the Department of Corrections. [Footnote omitted.] Id. § 3084.5(e)(1)-(2).

Brown v. Valoff, 422 F.3d 926, 929-30 (9th Cir. 2005.)

In the instant action, plaintiff contends he was assaulted in 2007. He provides proof of exhaustion of administrative remedies in 2004 and 2003 (Complt. at Ex. A & C) for allegations regarding conduct in 2003 and 2004, which demonstrates he is aware of his obligation to obtain a Director's Level appeal prior to filing in federal court. On August 30, 2009, plaintiff signed a 602 regarding the 2007 assault, wherein he noted that the appeal was "late due to fear of raising the claim, fear of custodial brutality and retaliation." (Complt., Ex. B.) However, there is no signature by prison officials nor institution log number to reflect the grievance was filed. The 602 form references an additional page which is not appended to the complaint. No Director's Level decision addressing the 2007 assault was provided.

Here, plaintiff concedes he failed to timely exhaust his administrative remedies with regard to the 2007 assault prior to filing the instant lawsuit. Plaintiff provides a copy of a

1  CDCR-602 in which he addressed the facts of the instant case, and argues that, based on
2  defendants' failure to respond, rendered his allegations exhausted, relying on Ngo v. Woodford,
3  403 F.3d 620, 631 (9th Cir. 2005).  However, the opinion upon which plaintiff relies was
4  subsequently reversed.  Ngo v. Woodford, 539 F.3d 1108, 1109-10 (9th Cir. 2008) (holding that
5  inmate whose formal appeal was rejected as untimely had not properly exhausted administrative
6  remedies).  Moreover, the allegations of plaintiff's complaint make clear that he was required to
7  keep working despite injuries sustained in the assault (complt. at 4), so it does not appear he was
8  physically prevented from pursuing his administrative remedies.  The exhaustion requirement
9  does not contain exceptions based on fear of retaliation.  If plaintiff had filed a 602 and prison
10 staff had retaliated against him as a consequence, plaintiff could have filed a civil rights action
11 seeking redress for said retaliation.  The exhaustion requirement is mandatory.  Plaintiff may not
12 proceed with the instant action unless he can demonstrate he exhausted his administrative
13 remedies prior to bringing this federal lawsuit.  Ngo v. Woodford, 539 F.3d at 1109-10.

14         In an abundance of caution, plaintiff's complaint will be dismissed and he will be
15 granted leave to file an amended complaint if he can demonstrate he exhausted his state court
16 remedies prior to filing the instant action.  Plaintiff is cautioned that if he cannot demonstrate
17 exhaustion of his administrative remedies prior to October 26, 2009, this court must recommend
18 dismissal of the instant action.

19         If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
20 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See
21 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms
22 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless
23 there is some affirmative link or connection between a defendant's actions and the claimed
24 deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.
25 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
26 /////

1  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
2  Regents, 673 F.2d 266, 268 (9th Cir. 1982).
3        In addition, plaintiff is informed that the court cannot refer to a prior pleading in
4  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an
5  amended complaint be complete in itself without reference to any prior pleading.  This is
6  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
7  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
8  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
9  original complaint, each claim and the involvement of each defendant must be sufficiently
10 alleged.
11       In accordance with the above, IT IS HEREBY ORDERED that:
12       1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
13       2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
14 Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
15 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
16 Director of the California Department of Corrections and Rehabilitation filed concurrently
17 herewith.
18       3.  Plaintiff's complaint is dismissed.
19       4.  Within thirty days from the date of this order, plaintiff shall complete the
20 attached Notice of Amendment and submit the following documents to the court:
21       a.  The completed Notice of Amendment; and
22       b.  An original and one copy of the Amended Complaint.
23 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
24 Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must
25 bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to
26 /////

1 | file an amended complaint in accordance with this order may result in the dismissal of this
2 | action.
3 | DATED: December 22, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

/001; elli2985.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS RUBEN ELLINGTON, | |
|     Plaintiff, | No. 2:09-cv-2985 JFM (PC) |
| vs. | |
| DIRECTOR OF CORRECTIONS, et al., | NOTICE OF AMENDMENT |
|     Defendants. | |
| _____ / | |

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____    Amended Complaint

DATED:

    _____
    Plaintiff

7