IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

      Plaintiff,                   No. 2:09-cv-2985 MCE KJN P

   vs.

DIRECTOR OF CORRECTIONS, et al.,

      Defendants.             FINDINGS & RECOMMENDATIONS

            Plaintiff is a state prisoner proceeding without counsel and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. In the instant action, plaintiff claims various defendants at High Desert State Prison incited inmates to beat up plaintiff and required plaintiff to continue working despite painful physical injuries sustained in the beating. (December 9, 2009 Order at 1.) Plaintiff also filed a supplemental complaint and various other filings concerning defendants at Kern Valley State Prison, alleging defendants at Kern Valley State Prison are refusing to acknowledge his disabled status and have taken his wheelchair and walker, in violation of the Americans with Disabilities Act ("ADA"). (Id. at 1-2.) On December 14, 2009, plaintiff filed a motion for injunctive relief. However, because plaintiff's allegations pertained to conditions of confinement at Kern Valley State Prison against defendants who are

1

not parties to this action, the motion was transferred to the Fresno division for filing in Case No. 1:09-cv-2141 DLB (PC).  (December 12, 2009 Order.)  Plaintiff was reminded again that all future filings concerning defendants located at Kern Valley State Prison shall be filed at the Fresno address and reference the Fresno case number.  (December 12, 2009 Order at 1-2; December 9, 2009 Order at 2.)

On January 29, 2010, plaintiff filed a motion for preliminary injunction in which he contends his myriad medical conditions are physical impairments within the meaning of the ADA.  Plaintiff contends that the Director of the California Department of Corrections and Rehabilitation ("CDCR") has issued orders to his subordinates directing them not to accommodate plaintiff's medical conditions which, in turn, prevents plaintiff from accessing the law library, resulting in a deprivation of meaningful access to the courts.  (Mot. at 2.)  Plaintiff contends that he has been unable to comply with this court's order to file an amended complaint because he is unable to access the law library to look up the Ngo[1] case, to research other cases, or demonstrate exhaustion of administrative remedies.  Plaintiff concedes he was able to submit the January 29, 2010 filing, but claims "he did so from the limited and outdated resources within his cell."  (Id. at 3.)  Plaintiff contends this required him to cite "outdated" case law.  (Id.)

Plaintiff seeks a temporary restraining order and/or a preliminary injunction requiring the Director of CDCR to show cause why the court should not order the director to return plaintiff's wheelchair and walker, and to produce the evidence upon which the director relied to "cancel" plaintiff's disability.  (Mot. at 3.)  Finally, plaintiff states:

> plaintiff is aware that [] the court has sent plaintiff's request for 'injunction' to the Fresno division of the Eastern District Court.  However, that court has gone silent.  while the plaintiff is being forced to crawl about on his knee's.  he is suffering irreparable harm and needs immediate relief.

Id.  Plaintiff also provided a copy of a health services chronology, dated January 7, 2008, which

---

[1] Ngo v. Woodford, 539 F.3d 1108, 1109-10 (9th Cir. 2008)(inmate whose formal appeal was rejected as untimely had not properly exhausted administrative remedies).

states:

> This inmate has a PERMANENT medical condition requiring a WHEELCHAIR (Outside Cell) for mobility (DPO). He uses a WALKER AND BRACE inside of cell. He is restricted to a SEDENTARY assignment. REQUIRES LOWER BUNK/LOWER TIER, NO STAIRS, AND NO TRIPLE BUNK HOUSING. THIS DISABILITY IMPACTS PLACEMENT. LIMITATION: No prolonged Standing/Walking 50% of the time in assignment. No REPETATIVE [sic] digging, bending, or lifting over 15 pounds. CSR ALERT: Requires relatively level terrain and no obstruction in path of travel.

(Mot., Ex. B, at 9.)

The legal principles applicable to a request for injunctive relief are well established. To prevail, the moving party must show either a likelihood of success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in the movant's favor. See Coalition for Economic Equity v. Wilson, 122 F.3d 692, 700 (9th Cir. 1997); Oakland Tribune, Inc. v. Chronicle Publ'g Co., 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. Oakland Tribune, 762 F.2d at 1376. "Under any formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." Id. In the absence of a significant showing of possible irreparable harm, the court need not reach the issue of likelihood of success on the merits. Id.

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See C. Wright & A. Miller, 11 Federal Practice and Procedure, §2947 (1973). In addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must

show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982), quoting Benda v. Grand Lodge of International Association of Machinists and Aerospace Workers, 584 F.2d 308, 315 (9th Cir. 1979). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial.

Pursuant to this court's prior orders, the instant action is proceeding on plaintiff's claims based on events that took place at High Desert State Prison. Plaintiff's civil rights complaint alleging defendants at Kern Valley State Prison are refusing to acknowledge his disabled status and have taken his wheelchair and walker, in violation of the ADA, is proceeding in the Fresno Division of the Eastern District. (December 9, 2009 Order.) As plaintiff has previously been informed, claims based on conditions of confinement at Kern Valley State Prison must be raised in the Fresno Division of this court. Plaintiff's filing demonstrates he is aware he must raise those allegations in the Fresno Division because he complains that the Fresno Division has failed to address his pending motion. Plaintiff may not circumvent venue or court orders by attempting to press his claims in this court.

Moreover, because plaintiff's challenge to his classification under the ADA at Kern Valley State Prison is not cognizable as part of his allegations concerning events that previously took place at High Desert State Prison, this claim will not be given a hearing on the merits at trial, and his motion for injunctive relief should be denied.

Insofar as plaintiff alleges his access to the court has been infringed, review of this court's docket reflects that plaintiff's access to the court has not been impaired. This court will grant plaintiff an extension of time to file his amended complaint and to provide evidence that he has exhausted his administrative remedies. In any event, most of the evidence plaintiff needs to demonstrate exhaustion of administrative remedies is located in plaintiff's central file rather than the prison law library.

In light of the above, IT IS HEREBY ORDERED that plaintiff is granted an extension of thirty days in which to file an amended complaint that complies with the December 23, 2009 order; and

IT IS HEREBY RECOMMENDED that plaintiff's January 29, 2010 motion for injunctive relief (Docket No. 19) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 12, 2010

                                        /s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elli2985.pi