IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

    Plaintiff,                    No. 2:09-cv-2985 MCE KJN P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Defendants                AMENDED
                                                         FINDINGS AND RECOMMENDATIONS[1]
_____/

        On April 13, 2010, this court filed findings and recommendations which recommended dismissal of this action due to plaintiff's failure to file an amended complaint and demonstrate exhaustion of administrative remedies relative to the claims therein, as directed by the court on December 23, 2009. (Dkt. Nos. 16, 23.) The court had previously granted plaintiff's request for an extension of time within which to comply with the court's December order. (Dkt. No. 21). The findings and recommendations notified plaintiff that any objections were to be filed within twenty-one days. Plaintiff's request for an extension of this deadline was granted. (Dkt. No. 25.) On May 17, 2010, plaintiff filed a "response" seeking additional time within which to file objections and an amended complaint and asserted that the court's dismissal

---

[1] These findings and recommendations amend and supersede the findings and recommendations filed by the undersigned on April 13, 2010.

of his original complaint was in error. (Dkt. No. 26.) The court now recommends that this action be dismissed for failure to exhaust administrative remedies, without leave to file a further amended complaint.

Upon screening plaintiff's initial pleading, this court bifurcated plaintiff's claims and directed that his "supplemental complaint" – which alleged that plaintiff's current place of incarceration, Kern Valley State Prison, had failed to accommodate his disabilities as required under the Americans with Disabilities Act – be filed as an independent action in the Fresno division of this court. (Dkt. No. 12.) That action now proceeds as Ellington v. Clark, et al., Case No. 1:09-cv-02141 AWI DLB P. The instant case proceeds herein based on plaintiff's allegations of a 2007 assault against him at High Desert State Prison. The complaint was dismissed with leave to amend for failure to demonstrate exhaustion of administrative remedies, based on the following reasoning (Dkt. No. 16, at 3-4):

> [P]laintiff contends he was assaulted in 2007. He provides proof of exhaustion of administrative remedies in 2004 and 2003 (Complt. at Ex. A & C) for allegations regarding conduct in 2003 and 2004, which demonstrates he is aware of his obligation to obtain a Director's Level appeal prior to filing in federal court. On August 30, 2009, plaintiff signed a 602 regarding the 2007 assault, wherein he noted that the appeal was "late due to fear of raising the claim, fear of custodial brutality and retaliation." (Complt., Ex. B.) However, there is no signature by prison officials nor institution log number to reflect the grievance was filed. The 602 form references an additional page which is not appended to the complaint. No Director's Level decision addressing the 2007 assault was provided.
>
> Here, plaintiff concedes he failed to timely exhaust his administrative remedies with regard to the 2007 assault prior to filing the instant lawsuit. Plaintiff provides a copy of a CDCR-602 in which he addressed the facts of the instant case, and argues that, based on defendants' failure to respond, rendered his allegations exhausted, relying on Ngo v. Woodford, 403 F.3d 620, 631 (9th Cir. 2005). However, the opinion upon which plaintiff relies was subsequently reversed. Ngo v. Woodford, 539 F.3d 1108, 1109-10 (9th Cir. 2008) (holding that inmate whose formal appeal was rejected as untimely had not properly exhausted administrative remedies). Moreover, the allegations of plaintiff's complaint make clear that he was required to keep working despite injuries sustained in the assault (Complt. at 4), so it does not appear he was physically prevented from pursuing his administrative remedies. The exhaustion requirement does not contain exceptions based on fear of retaliation. If plaintiff had

1  filed a 602 and prison staff had retaliated against him as a consequence,
2  plaintiff could have filed a civil rights action seeking redress for said
   retaliation.  The exhaustion requirement is mandatory.  Plaintiff may not
3  proceed with the instant action unless he can demonstrate he exhausted his
   administrative remedies prior to bringing this federal lawsuit.  Ngo v.
4  Woodford, 539 F.3d at 1109-10.

5  Plaintiff now contends that his claims relative to the 2007 incident should "relate
6  back" to similar claims he included in a 602 grievance filed and resolved in 2004.  Plaintiff has
7  attached a copy of this exhausted grievance, Log No. 04-1659, which focused on plaintiff's
8  request that he be assigned a different cellmate; the request was ultimately granted.  (Dkt. No. 26,
9  at 5-6.)  The appeal also contended that prison officials, including Correctional Officers Sweeten
10 and Barron, had incited inmates to physically harm plaintiff; these contentions were deemed in
11 2004 to be "unfounded."  (Id. at 1-2, 11.)  However, these contentions are proceeding against
12 Sweeten and Barron (along with allegations against other prison officials) in another action
13 currently pending in this court, Ellington v. Alamieda, Case No. 2:04-cv-0666 RSL JLW P (see,
14 e.g., Dkt. Nos. 230-32).

15 The requirement of the Prison Litigation Reform Act ("PLRA") that a prisoner
16 exhaust his administrative remedies before bringing a civil rights action, 42 U.S.C. § 1997e,
17 requires "proper exhaustion" through strict compliance with the content and time limits set forth
18 in the institutional rules governing grievances.  Woodford v. Ngo, 548 U.S. 81, 93-94 (2006).
19 The cases cited by plaintiff are inapposite, viz., Gomez v. Winslow, 177 F. Supp. 2d 977, 981-82
20 (N.D. Cal. 2001) (alleged failure to provide adequate medical care for plaintiff's hepatitis
21 included his contentions that defendants failed to make a timely diagnosis, failed to provide
22 timely treatment, and failed adequately to inform plaintiff); Irvin v. Zamora, 161 F. Supp. 2d
23 1125, 1135 (S.D. Cal. 2001) (exhaustion was adequate as to defendants not named in
24 administrative grievances alleging deliberate indifference relative to pesticide spraying because
25 the grievances reasonably put prison officials on notice of possible claims against the
26 defendants); Mayle v. Felix, 545 U.S. 644, 650 (2005) (construing "relation back" provision of

Fed. R. Civ. P. 15(c) as applied to habeas petitions under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to preclude the assertion of new claims arising out of facts different in time and type).

These cases are unhelpful to plaintiff's predicament. Plaintiff challenges different alleged assaults as to time, place, manner and alleged participants. The 2004 incident proceeds in another action and plaintiff's administrative exhaustion of that incident cannot be deemed to have exhausted his claims as to the 2007 incident – no "relation back" principle applies. Such distinct allegations are not analogous to one medical condition allegedly ignored in a myriad of ways (Gomez), or an allegedly deleterious practice whose principals were not known to plaintiff (Irvin). Similarly is Mayle not helpful to plaintiff, as it requires strident application of AEDPA standards in habeas proceedings to preclude the assertion of new claims supported by different facts. It is clear that plaintiff is unable to demonstrate exhaustion of the allegations underlying his complaint, and this failure cannot be cured by filing an amended complaint.[2] Thus, plaintiff's request for further extensions of time to respond to the court's rulings should be denied, and the instant case should be dismissed.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's request for additional time to respond to the court's rulings and to file an amended complaint (Dkt. No. 26) should be denied; and

2. This action should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings

---

[2] This conclusion is not intended to address the relevance of these allegations to plaintiff's contentions of misconduct by correctional officials pending in Ellington v. Alamieda, Case No. 2:04-cv-0666 RSL JLW P; such a determination will lie with the judges assigned to that case.

and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 7, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

elli2985.f&r.dism